UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MARINA MEDZHIDZADE,                                         :
*individually and on behalf of all others*                  :
*similarly situated*,                                       :
                                          Plaintiff,        :   **CORRECTED MEMORANDUM**
                                                            :   **DECISION & ORDER**
                        - against -                         :
                                                            :   17-cv-6452 (BMC)
                                                            :
KIRSCHENBAUM & PHILLIPS, P.C.,                              :
                                                            :
                                          Defendant.        :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Marina Medzhidzade sued defendant debt collector Kirschenbaum & Phillips, P.C., alleging that a letter it sent her violated the Fair Debt Collection Practices Act ("FDCPA") because it failed to state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1) and because it was misleading under 15 U.S.C. § 1692e. At the initial status conference, the parties agreed to cross-move for summary judgment. The parties promptly filed their moving and opposition papers.[1] For the following reasons, the Court grants summary judgment in favor of plaintiff.

---

[1] Defendant's motion is labeled "Motion for Summary Judgment" on the docket. The notice of motion, however, requests an order "dismissing the action in its entirety" under Federal Rule of Civil Procedure 12(c) and the memorandum in support recites the legal standard for a motion to dismiss under Rule 12(b)(6). This error appears to be sloppiness on defendant's part. The Court's order clearly stated that the parties would file cross-motions for summary judgment and defendant made arguments based on an exhibit attached to its motion (outside the scope of the pleadings), which is only possible on a motion for summary judgment. The Court considers both parties' motions as motions for summary judgment.

**BACKGROUND**

Plaintiff's claims are based on a debt-collection letter that she received from defendant dated November 7, 2016. At the top of the letter, there is a table that lists (as relevant here), "Balance Due: $11,817.67." The body of the letter states:

> The amount reflected above is the amount you owe as of the date of this letter. This amount may vary from day to day, due to interest or other charges added to your account after the date of this letter. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

Plaintiff argues that she is entitled to summary judgment because the collection letter fails to inform her of the amount of the debt under § 1692g(a)(1) as interpreted in Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), and is misleading under §1692e as interpreted in Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016). Defendant argues that Carlin does not apply and that the letter accurately states the amount of the debt and is not misleading under Avila.

**DISCUSSION**

Summary judgment is appropriate only if there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the parties disagree about whether the collection letter complied with the FDCPA as a matter of law.

Plaintiff invokes both § 1692g and § 1692e. The former statutory provision is a list of items that a debt collector must send to the debtor either in the initial communication or within five days after the initial communication is sent. As relevant here, § 1692g(a)(1) requires that the written notice contain "the amount of the debt."

Section 1692e, on the other hand, is a general prohibition against "false, deceptive, or misleading" representations in connection with collection of a debt. Section 1692e applies to all representations. In other words, while § 1692g(a)(1) requires the debt collector to disclose the amount of debt due within a certain time, that debt collector's recital of the amount due must also satisfy § 1692e's requirement to not be misleading, by for instance, omitting material information. "The two sections have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector." Avila, 817 F.3d at 76.

In Avila, the Second Circuit considered two letters that stated the debtors' current balances, but that did not disclose that the balance on the accounts was continuing to accrue interest or that, if plaintiffs failed to pay the debt within a certain amount of time, they would be charged a late fee. The Second Circuit held that the letters were misleading because the amount of the debt was actually increasing and so the debtor could believe, incorrectly, that paying the listed balance would satisfy the debt. Accordingly, Avila held that "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Id. at 76.

At the same time, Avila opined that requiring debt collectors to disclose information about interest and fees all the time might lead debt collectors to use the threat of interest and fees to "coerce consumers into paying their debts." Id. Based on this concern, Avila adopted two safe-harbor provisions from Seventh Circuit cases. The one relevant here comes from Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000), and provides:

3

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

According to Avila, a debt collector that employs this safe-harbor provision will have satisfied § 1692g's requirement that it state the "amount of the debt," as long as "the information [the debt collector] furnishes is accurate and [the debt collector] does not obscure it by adding confusing other information (or misinformation)." Avila, 817 F.3d at 77 (quoting Miller, 214 F.3d at 876).[2]

A year later, in Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), the Second Circuit addressed a very different debt-collection letter which listed only an estimated amount due. The Carlin letter stated that the total amount due "included unspecified 'fees, costs, additional payments, and/or escrow disbursements' that were not yet due at the time the statement was issued." Id. at 215. It therefore "omit[ted] information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." Id. at 216. Carlin addresses what a letter needs to do when it does not state the minimum amount owed; it does not add new requirements if the letter already states the minimum amount due.

First, plaintiff argues that Carlin controls and that, under Carlin, the letter violates § 1692g because it fails to list how interest and other charges are added to plaintiff's account, in what amounts or what percentage and how often such additional costs are assessed.

---

[2] As in Miller, the Avila Court did not require debt collectors to use this exact formulation, but the Avila Court stated that using this particular language would qualify for safe-harbor treatment.

4

Plaintiff fails to recognize the key distinction between the Carlin letter and this one: the Carlin letter, a "pay-off letter," listed an *estimated* amount due. It therefore failed to state the "amount of the debt" as required by § 1692g because it neither provided the plaintiff with the minimum amount due at the time of the notice, nor with the information the plaintiff would need to determine what the minimum amount might be at some time in the future. This letter, on the other hand, states the minimum amount due as of the date of the letter and therefore satisfies § 1692g(a)(1).

Second, plaintiff argues that the cautionary language in the letter body – materially identical to the safe-harbor language approved in Avila – is inaccurate and misleading in this case, where the amount of the debt is not currently increasing. Plaintiff argues Avila warned that the safe-harbor language only insulates a debt collector from liability if it "accurately informs the consumer that the amount of the debt stated in the letter will increase over time." 817 F.3d at 77.

Defendant replies that its use of the safe-harbor language was entirely accurate here because, although the amount of the debt had not increased in the past, it could have in the future. Defendant points to an exhibit attached it its motion, which it claims is the underlying agreement between the creditor (Discover) and plaintiff and argues that, under Discover's practices, this agreement permits defendant to charge interest once defendant receives a final judgment against plaintiff. The "cardmember agreement" attached as an exhibit (which is neither signed by plaintiff nor contains anything associating her with it) states that interest on the account accrues daily and that if Discover uses an attorney to collect on the debtor's account, it may charge the debtor for Discover's legal costs as permitted by law.

The parties agree that interest was not accruing at the time defendant sent the collection letter. Defendant argues interest and fees could apply in the future, but has not produced

admissible evidence to show a genuine dispute as to that fact. The "cardmember agreement" attached to defendant's cross-motion is not self-authenticating under Federal Rule of Evidence 902, nor is the affidavit of defendant's counsel submitted with it sufficient to establish its authenticity under Rule 901.[3]

Furthermore, even if defendant could show that this agreement applied to plaintiff's account with Discover, the document itself does not establish that *defendant*, rather than Discover, would be entitled to collect interest once Discover "charged off" the debt to defendant. Defendant has produced no evidence to support its claim that "Discover permits defendant to collect New York State legal interest after the entry of judgment." Nor does defendant identify which provision of New York law permits the collection of contractual interest after the entry of judgment.

As this Court has noted before, a letter which leads a debtor to believe that her debt is accruing interest when it actually is not may be materially misleading because it could induce the debtor may pay that debt in lieu of another debt she knows is accruing interest at some lower rate. See Islam v. Am. Recovery Serv. Inc., No. 17-CV-4228, 2017 WL 4990570, at *4 (E.D.N.Y. Oct. 31, 2017).

Although this letter correctly states the amount of the debt under § 1692g, its use of the Avila safe-harbor language where the amount of the debt is not increasing – and where there is no evidence that it would increase in the future – is misleading under § 1692e.

To be clear: The Avila safe-harbor language is *not* inherently misleading in all situations where the amount of the debt is not currently increasing. If, for example, defendant had produced evidence that the amount of the debt would or could increase in the future because of

---

[3] By order dated April 6, 2018, the Court identified this deficiency for defendant and granted it 10 days to correct the deficiency (and then, at defendant's request, a one-week extension). Defendant never corrected the deficiency.

interest or fees, the "may vary from day to day" language would be entirely accurate. But here, where there is no admissible evidence that the debt could or will increase, that language is misleading.

## CONCLUSION

Plaintiff's motion for summary judgment [13] as to liability is GRANTED and defendant's motion [12] is DENIED. By separate order, the Court will schedule a conference to discuss resolution of the class certification and damages claims in the case.

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       May 2, 2018